# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANDRE BROWN, | CIVIL ACTION NO. 2:14-cv-506 |
| Plaintiff, | Jury Trial Demanded |
| v. | **MOTION TO DISMISS** |
| CITY OF PITTSBURGH, a municipal corporation, NICHOLAS J. BOBBS, in his official and individual capacities, FRANK A. WELLING, in his official and individual capacities, JOHN and/or JANE DOE, in their individual and official capacities, | Filed on behalf of all Defendants *ELECTRONICALLY FILED* |
| Defendants. | |

## **MOTION TO DISMISS**

AND NOW come Defendants, by and through undersigned counsel, and file the within *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* and in support thereof aver the following:

1. Plaintiff filed his Complaint on April 17, 2014, alleging three counts under 42 U.S.C. § 1983 (Count I for malicious prosecution, Count II for false arrest, and Count III for false imprisonment), and one state count for intentional infliction of emotional distress (Count IV) against the named Defendants.

2. Plaintiff asserts these claims stem from his arrest on September 16, 2013, for the September 10, 2013 robbery of Dana's Bakery in the Homewood neighborhood of the City of Pittsburgh.

3. The Defendants investigated the robbery and the evidence pointed to Plaintiff as the individual that committed the robbery. The clerk that was robbed identified Plaintiff as the robber from a photo array.

4. Following Plaintiff's arrest and the holding of the charges at the preliminary hearing on September 24, 2013, an individual appeared at Pittsburgh Police Headquarters on October 24, 2013, and gave a statement providing an alibi for the Plaintiff for the time of the robbery.

5. On November 1, 2013, within a few days of the alibi's appearance, the charges were withdrawn against the Plaintiff.

6. Plaintiff fails to establish causes of action for false arrest, malicious prosecution, and false imprisonment because probable cause existed at the time of Plaintiff's arrest.

7. Plaintiff fails to establish a cause of action for intentional infliction of emotional distress because Plaintiff fails to point to any action by any Defendant that was outrageous or intended to violate Plaintiff's rights.

8. Plaintiff fails to plead sufficient facts to overcome Defendants' entitlement to qualified immunity.

9. Plaintiff fails to set forth sufficient facts to support a claim of municipal liability against the City of Pittsburgh, because Plaintiff has failed to identify any allegedly unlawful policies or customs or to set forth factual allegations that the City caused his alleged injuries as the result of such an unlawful or improper policy or custom.

10. Plaintiff fails to set forth sufficient facts to support a claim against any Defendants in supervisory or policymaking position, as Plaintiff has failed to name any such Defendants other than "John and/or Jane Doe" allegations and, in any event, has failed to allege any direct involvement by any such individuals that led to the alleged violation of Plaintiff's rights.

<div style="display: flex;">
<div style="width: 50%;">

*s/ Michael Kennedy*
Michael Kennedy, Esq.
Assistant City Solicitor


*s/ Matthew S. McHale*
Matthew S. McHale, Esq.
Assistant City Solicitor

*s/ Lourdes Sánchez Ridge*
Lourdes Sánchez Ridge, Esq.
City Solicitor

City of Pittsburgh Law Dept.
313 City-County Building
414 Grant St.
Pittsburgh, PA 15219
(412) 255-2015

*Counsel for Defendant City of Pittsburgh*

</div>
<div style="width: 50%;">

Respectfully submitted,

*s/ Bryan Campbell*

Bryan Campbell, Esq.
330 Grant St., Ste. 2620
Pittsburgh, PA 15219
(412) 642-7667
bryancmpbl@yahoo.com

*Counsel for Defendants Bobbs and Welling*

</div>
</div>