IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEANDRE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-506 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CITY OF PITTSBURGH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' Motion to Dismiss (Doc. 7) will be denied in all respects, save its challenge to Plaintiff's municipal liability claims.

Defendants' arguments regarding probable cause and qualified immunity do not attack the sufficiency of Plaintiff's pleadings, but, rather, address the ultimate merits of his claims. Plaintiff has stated plausible grounds for relief, and Defendants' arguments are better suited for summary judgment, after the factual record has been developed. Although Plaintiff's claim for intentional infliction of emotional distress presents a closer case, the Court likewise believes that his allegations are sufficient at this stage, and Defendants may revisit their challenge on summary judgment.

As to Plaintiff's claims of municipal liability (and against the Defendant-Officers in their official capacities), however, Defendants' Motion is well taken. Plaintiff seeks to invoke the "ratification" theory, under which "[a]n employee who lacks policymaking authority can . . . bind the municipality if a municipal policymaker . . . ratified his decision." Kelly v. Borough of Carlisle, 622 F.3d 248, 264 (3d Cir. 2010) (citation omitted). Ratification occurs only when a subordinate's decision is subject to review by authorized policymakers because they have

retained the authority to measure the official's conduct for conformance with their policies; "[s]imply going along with discretionary decisions made by one's subordinates," however, is not a qualifying delegation. *Id.* (citation to quoted source omitted).

Here, the Complaint alleges only that unidentified supervisors, named as John and/or Jane Doe defendants, "reviewed the decision" of the Defendant-Officers to file charges against Plaintiff, "thereby ratifying that decision." *See* Compl. at ¶¶ 9, 17. These allegations are insufficient, both under the general standards applicable in *Iqbal/Twombly*, and under the specific standards regarding ratification in Kelly.

Accordingly, Defendant's Motion to Dismiss (**Doc. 7**) is **GRANTED** regarding municipal liability,[1] and it is **DENIED** in all other respects.

IT IS SO ORDERED.

January 13, 2015                                s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] Given that Plaintiff's ratification allegations are stated against fictitious defendants, on information and belief, the Court has little reason to believe that his claims can be cured by amendment. *See generally* White v. Hon Co., 2013 WL 1386201, *2 (3d Cir. Apr. 5, 2013) (under *Iqbal/Twombly*, pleader "[can]not attempt to use discovery as a fishing expedition to determine the existence of . . . facts necessary to establish a legally adequate [claim]") (citations omitted).