# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEANDRE BROWN,

Plaintiff,

v.

CITY OF PITTSBURGH, a municipal corporation, NICHOLAS BOBBS, in his official and individual capacities, FRANK A. WELLING, in his official and individual capacities, JOHN and/or JANE DOE, in their individual and official capacities,

Defendants.

CIVIL ACTION NO. 2:14-cv-506

Jury Trial Demanded

**ANSWER AND AFFIRMATIVE DEFENSES**

Filed on behalf of:
 All Defendants

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, come the Defendants Nicholas Bobbs and Frank Welling, by and through undersigned counsel, Bryan Campbell, Esq., and file the within *Answer and Affirmative Defenses* and in support thereof avers the following:

### JURISDICTION AND VENUE

1. Admitted to the extent that this is the basis of Plaintiff's claims.

2. Admitted to the extent that this is the basis of Plaintiff's claims.

3. Admitted.

4. Admitted.

### PARTIES

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. The averments of paragraph 9 are denied.

## FACTUAL ALLEGATIONS

10. Admitted.

11. Admitted to the extent that an alibi was produced subsequent to Plaintiff's arrest, which stated that Plaintiff was at a training seminar during the time of the robbery at Dana's Bakery.

12. Admitted in part and denied in part. It is admitted that the clerk identified Plaintiff as the perpetrator of the robbery. It is denied that the clerk notified police that he was unsure of Plaintiff's identification prior to Plaintiff's arrest.

13. Admitted.

14. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 14. The same are therefore denied and strict proof is demanded at the time of trial.

15. Admitted to the extent that Plaintiff was charged with the listed crimes.

16. The averments of paragraph 16 are denied, as these individuals are not identified.

17. The averments of paragraph 17 are denied, as these individuals are not identified.

18. The averments of paragraph 18 are denied. At the time of his arrest, Plaintiff did not state he was at a work-related seminar on the date of the robbery, but rather he was at work.

19. Admitted in part and denied in part. It is admitted that the charge was held at the preliminary hearing and a bond was set. It is denied that the Defendants ignored any assertion. By way of further response, once the Allegheny County District Attorney's Office elects to proceed with a prosecution, all decisions regarding proceeding or withdrawal of charges is made by that entity.

20. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 20. The same are therefore denied and strict proof is demanded at the time of trial.

21. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 21. The same are therefore denied and strict proof is demanded at the time of trial.

22. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 22. The same are therefore denied and strict proof is demanded at the time of trial.

23. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 23. The same are therefore denied and strict proof is demanded at the time of trial.

24. Admitted. By way of further response, Plaintiff's alibi information was provided to Defendants and they made an effort to contact that alibi on Thursday October 17, 2013. The alibi did not present himself for a statement until October 24, 2013.

25. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 25. The same are therefore denied and strict proof is demanded at the time of trial.

## COUNT I:

### MALICIOUS PROSECUTION, IN VIOLATION OF PLAINITFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. § 1983
### THE FOURTH AMENDMENT OF THE UNITED STATES CONSITUTION

26. No response required.

27. The averments of paragraph 27 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

28. The averments of paragraph 28 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

29. The averments of paragraph 29 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

30. The averments of paragraph 30(A)-(E)(5) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

31. The averments of paragraph 31 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

32. The averments of paragraph 32 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

33. The averments of paragraph 33 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

34.     The averments of paragraph 34 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

35.     The averments of paragraph 35 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

36.     The averments of paragraph 36 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

37.     The averments of paragraph 37 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

38.     The averments of paragraph 38 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

39.     The averments of paragraph 39 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

40.     The averments of paragraph 40 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

41. The averments of paragraph 41(A)-(B)(11) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

42. The averments of paragraph 42 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

COUNT II:

FALSE ARREST, VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY 42 U.S.C. § 1983, THE FOURTH AMENDMENT OF THE UNITED STATES CONSITUTION

43. No response is required.

44. The averments of paragraph 44 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

45. The averments of paragraph 45 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

46. The averments of paragraph 46 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

47. The averments of paragraph 47 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

48. The averments of paragraph 48 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

49. The averments of paragraph 49(A)-(B)(11) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

50. The averments of paragraph 50 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

## COUNT III:

### FALSE IMPRISONMENT, VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY 42 U.S.C. § 1983, THE FOURTH AMENDMENT OF THE UNITED STATES CONSITUTION

51. No response is required.

52. The averments of paragraph 52 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

53. The averments of paragraph 53 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

54. The averments of paragraph 54 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

55. The averments of paragraph 55(A)-(B)(11) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

56. The averments of paragraph 56 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

## COUNT IV:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. No response required.

58. The averments of paragraph 58 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

59. The averments of paragraph 59(A)-(E) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

60. The averments of paragraph 60 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

61. The averments of paragraph 61 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

62. The averments of paragraph 62 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

63. The averments of paragraph 63(A)-(B)(11) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

64. The averments of paragraph 64 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

## AFFIRMATIVE DEFENSES

65. At all times relevant hereto, the Defendants acted in a good faith belief that their actions were constitutional and that such belief was reasonable under the circumstances and therefore they are entitled to qualified immunity.

66. As to any state tort claims, Defendants are immune from suit under the provisions of the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*, absent a judicial finding that they acted with actual malice and/or willful misconduct.

67. At all times relevant hereto, the Defendants had probable cause for the arrest of Plaintiff and reasonably relied upon information sought and obtained through witnesses and victims of the armed robbery. The arrest warrants were properly obtained and executed.

Respectfully submitted,

*/s/ Bryan Campbell, Esq.*
Bryan Campbell, Esq.
330 Grant Street, Suite 2620
Pittsburgh, PA 15219
412-642-7667
bryancmpbl@yahoo.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2015, the foregoing *Answer, Affirmative Defenses, and Cross-claim for Indemnification* was served upon Counsel for the parties via ECF/CM:

Joel Sansone, Esq.
Massimo Terzigni, Esq.
Counsel for Plaintiff

Michael Kennedy, Esq.
Matthew McHale, Esq.
Lourdes Sanchez-Ridge, Esq.
Counsel for City of Pittsburgh

Respectfully submitted,
*/s/ Bryan Campbell*
Bryan Campbell, Esq.