IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANDRE BROWN, | ) |
|     Plaintiff, | ) Civil Action No. 14-0506 |
| | ) |
|     v. | ) Honorable Cathy Bissoon |
| | ) |
| NICHOLAS J. BOBBS, in his | ) Jury Trial Demanded |
| official and individual capacities, | ) |
| FRANK A. WELLING in his | ) |
| official and individual capacities, | ) |
| JOHN and/or JANE DOE, in their | ) |
| individual and official capacities, | ) *Electronically filed.* |
| | ) |
|     Defendants. | ) |

## AMENDED COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DEANDRE BROWN, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, and MASSIMO A. TERZIGNI, ESQUIRE, and hereby files this Amended Complaint in Civil Action as follows:

## JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of various civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3). Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under Count IV.

4. Venue is proper as all claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff, DeAndre Brown, resides in the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, DeAndre Brown, is an adult male resident of the Commonwealth of Pennsylvania, residing in Allegheny County, Pennsylvania.

6. Defendant, Nicholas J. Bobbs ("Bobbs"), is a United States citizen. Plaintiff believes that the Defendant is a resident of the Commonwealth of Pennsylvania in Allegheny County. At all times relevant to this Complaint, the Defendant was a law enforcement officer employed by the City of Pittsburgh Bureau of Police, purporting to act within the full scope of his authority and office.

7. Defendant, Frank A. Welling ("Welling"), is a United States citizen. Plaintiff believes that the Defendant is a resident of the Commonwealth of Pennsylvania in Allegheny County. At all times relevant to this Complaint, the Defendant was a law enforcement officer employed by the City of Pittsburgh Bureau of Police, purporting to act within the full scope of his authority and office.

8. Defendant(s), John and/or Jane Doe, unknown in name and number, were at all times relevant to this Complaint, law enforcement officer(s), purporting to act within the full scope of their authority. Plaintiff believes, and therefore avers, that these Defendant(s) participated in the illegal acts described hereinafter below.

FACTUAL ALLEGATIONS

9. Plaintiff is an African-American male and, at all times relevant to this Amended Complaint, was employed as a security guard at the Homewood Branch of the Carnegie Library of Pittsburgh.

10. On September 10, 2013, an armed robbery occurred at Dana's Bakery, located at 720 North Homewood Avenue, Pittsburgh, Pennsylvania 15208. At the time of the robbery, Plaintiff was at a training seminar at the main branch of the Carnegie Library of Pittsburgh located at 4400 Forbes Avenue, Pittsburgh, Pennsylvania 15213, approximately four miles from the scene of the robbery. Surveillance video, the sign-in sheet of attendees and eyewitness accounts confirm that Plaintiff was physically present at the seminar.

11. On September 11, 2013, Plaintiff was a customer at Dana's Bakery, an establishment that Plaintiff regularly patronized. On that day, the clerk who was working at the bakery at the time of the aforementioned robbery identified Plaintiff as the perpetrator of the robbery to the Pittsburgh Police Department. Plaintiff believes and therefore avers that this clerk, after his initial identification of the Plaintiff, informed the police that he was unsure if Plaintiff was the perpetrator of the crime.

12. On September 16, 2013, Plaintiff was in his vehicle outside of a friend's house prior to going to his cousin's funeral. Plaintiff's vehicle was then surrounded by Pittsburgh Police officers, including Defendant Welling and Defendant Bobbs. Plaintiff was ordered to step out of the vehicle and was subsequently arrested by Defendants Welling and Bobbs and other Pittsburgh police officers.

3

13. At the time of his arrest, Plaintiff was carrying a legally-owned firearm. Plaintiff has maintained a Pennsylvania License to Carry Firearms at all times relevant to this Complaint.

14. Plaintiff was charged with robbery by Defendant Welling. Defendant Bobbs also charged Plaintiff with the illegal possession of a firearm by a fugitive despite the fact that Plaintiff had a valid license to carry firearms.

15. During the course of their investigation and prior to Plaintiff's arrest, Defendants were in possession of surveillance videos taken from or around the scene of the robbery, which shows the alleged perpetrator of the crime. Plaintiff believes and therefore avers that the Defendants intentionally and/or recklessly disregarded this exculpatory evidence in order to effectuate Defendants' unlawful arrest of the Plaintiff.

16. During the course of their investigation and prior to Plaintiff's arrest, the Defendants were made aware that Plaintiff was employed by the Carnegie Library of Pittsburgh. However, Defendants failed to make any attempt to determine whether Plaintiff was working at the time that the alleged robbery occurred.

17. At the time of his arrest and during his interrogation, Plaintiff informed the Defendant officers that he was at a work-related seminar on the date and time of the aforementioned robbery. Defendant(s) John and/or Jane Doe, who were the interrogating officers, intentionally disregarded Plaintiff's alibi. Instead, Defendant(s) John and/or Jane Doe attempted to obtain a plea agreement from Plaintiff. Because Plaintiff played no role in the robbery whatsoever, he refused to enter into a plea agreement for crimes he did not commit.

18. On September 24, 2013, a preliminary hearing was held and Plaintiff's bond was set at $105,000.00. Again, prior to, during and after the hearing, Plaintiff's assertion that he was at a work-related seminar at the time of the robbery was ignored by the Defendants, and each of them.

19. On October 1, 2013, Plaintiff's defense attorney filed a Motion for Modification of Bail, and further argued that the surveillance video of Plaintiff at the seminar at the time of the robbery should be considered as it clearly exonerated the Plaintiff of any wrongdoing.

20. On October 17, 2013, Plaintiff's bail was reduced to $10,000.00. On October 18, 2013, Plaintiff posted bond. Plaintiff was released on October 22, 2013, after being incarcerated for thirty-six days, under the condition that he remain confined to his home under house arrest. Plaintiff was ordered to wear an ankle monitor to track his movement. Plaintiff was also ordered to pay for the costs of the ankle monitor in the form of a down payment, as well as a daily fee.

21. Plaintiff was confined to his home and required to wear an ankle monitor from October 22, 2013, to November 4, 2013.

22. On November 1, 2013, after finally considering the evidence that Plaintiff had presented to corroborate his alibi, the Allegheny County Office of the District Attorney and the Commonwealth of Pennsylvania withdrew all charges against Plaintiff.

23. On November 4, 2013, the ankle monitor was removed from Plaintiff.

## COUNT I:

### MALICIOUS PROSECUTION, IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983, THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

24. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 23 as though fully set forth at length herein.

25. The Defendants, and each of them, intentionally disregarded Plaintiff's alibi and the clearly exculpatory evidence supporting it. As a result, Plaintiff endured great hardship and was deprived of his rights as guaranteed to him by the United States Constitution.

26. As described above, the arrest, seizure and subsequent prosecution of the Plaintiff constitute a malicious prosecution of the Plaintiff by the Defendants, and each of them, in violation of the Plaintiff's rights under U.S.C. §1983, as well as the Plaintiff's rights under the Fourth Amendment to the United States Constitution, to wit, Plaintiff's right to be free from malicious prosecution.

27. The actions of the Defendants, and each of them, constitute malicious prosecution in that:

  A. The Defendants initiated criminal proceedings against the Plaintiff;

  B. The criminal proceedings ended in Plaintiff's favor;

  C. The investigation, arrest, seizure and prosecution of the Plaintiff were all initiated without probable cause;

  D. The Defendants acted maliciously and/or for purposes other than bringing the Plaintiff to justice; and

  E. Plaintiff suffered an unlawful seizure of his person, thereby depriving of liberty in the following particulars:

    1. the Plaintiff was arrested;

    2.    the Plaintiff was incarcerated in the Allegheny County Jail for a period of thirty-six days;

    3.    the Plaintiff was confined to his home under house arrest and required to wear an ankle monitor for a period of thirteen days;

    4.    the Plaintiff was required to attend multiple bond hearings; and

    5.    the Plaintiff was required to attend the pretrial hearing.

28. The actions of the Defendants, and each of them, in investigating, arresting, seizing and prosecuting the Plaintiff on claims of robbery and unlawful possession of a firearm by a fugitive, as aforementioned, were undertaken without any factual basis and were deliberately false and/or undertaken with reckless disregard for the truth in this matter.

29. The failure to investigate the crimes charged beyond one questionable eyewitness identification, which proved to be unreliable, as well as ignoring Plaintiff's alibi, shows a knowing or reckless disregard of the truth in the matter and renders the arrest and prosecution of Plaintiff unlawful.

30. The absence of probable cause, the existence of a constitutionally deficient investigation and the Defendants' reckless disregard for the truth in this matter are sufficient to constitute malice on the part of the Defendants, and each of them.

31. The actions of the Defendants, as aforementioned, constitute an arbitrary and unconscionable abuse of government authority by the Defendants.

32. The arrest and seizure of the Plaintiff constitute an unlawful seizure of the Plaintiff in violation of U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

33. The subsequent prosecution of the Plaintiff by the Defendants constitutes a violation of Plaintiff's rights under the Fourth Amendment. The prosecution of the Plaintiff in this matter was undertaken and assisted by Defendants, and each of them, without probable cause and was undertaken and supported by their assistance when they knew or should have known that no reasonable basis existed for the arrest and/or prosecution of the Plaintiff.

34. The actions of the Defendants were done under the color and pretense of law.

35. Plaintiff believes and therefore avers that the actions of the Defendants were undertaken without proper judicial approval, in that the Defendants intentionally disregarded clearly exculpatory evidence in regards to Plaintiff's alibi and the crimes charged.

36. The Defendants knew or should have known, through the exercise of reasonable caution, that no reasonable basis existed for the aforementioned criminal charges to be brought against the Plaintiff. Therefore, the investigation, arrest, seizure and prosecution of the Plaintiff regarding these claims were without probable cause and/or reasonable basis.

37. Both the arrest and seizure of the Plaintiff, as well as the investigation leading to that arrest and prosecution of the Plaintiff, violated the Plaintiff's rights under the statutory and constitutional sections as aforementioned.

38. As a direct and proximate result of the actions of the Defendants, the Plaintiff was injured and damaged as follows:

    A.    his right under the Fourth Amendment of the Constitution of the United States to be free from malicious prosecution was violated;

B. he was subjected to physical pain and suffering, together with other damages, including but not limited:

   1. severe emotional distress;

   2. various physical maladies, including but not limited to, sleeplessness, depression and irritability;

   3. loss of the support, society and companionship of Plaintiff's family;

   4. fright, horror and shock;

   5. emotional trauma and suffering;

   6. loss of income and benefits;

   7. loss of employment with the Homewood Branch of the Carnegie Library of Pittsburgh;

   8. economic damages related to any consequential costs;

   9. irreparable damage to Plaintiff's reputation;

   10. deprived of being able to attend his cousin's funeral; and

   11. loss of time with Plaintiff's four children.

39. The actions of the Defendants, and each of them, were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all the above reasons, the Plaintiff, DeAndre Brown, demands judgment against the Defendants, jointly and separately, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

## COUNT II:

## FALSE ARREST, VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983, THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

40. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 39 as though fully set forth at length herein.

41. The arrest and seizure of the Plaintiff by the Defendants without probable cause, as aforementioned, constitutes false arrest and is a violation of Plaintiff's rights against arrest without probable cause and unlawful seizure as guaranteed to him by the Fourth Amendment to the United States Constitution.

42. The Defendants, and each of them, used one unreliable eyewitness testimony, which was in fact false in this case, as the basis to arrest Plaintiff. Furthermore, Plaintiff believes and therefore avers, that the eyewitness expressed uncertainty with his initial identification of the Plaintiff to the Defendants.

43. The Defendants' intentional failure to consider exculpatory evidence led to a constitutionally deficient investigation that ultimately resulted in Plaintiff's false arrest.

44. The actions of the Defendants in investigating, arresting and seizing and prosecuting the Plaintiff as aforementioned, constituted an arbitrary and unconscionable abuse of government authority by the Defendants, and each of them.

45. As a direct and proximate result of the actions of the Defendants, the Plaintiff was injured and damaged as follows:

    A.    his right under the Fourth Amendment of the Constitution of the United States to be free from unreasonable seizure of his person and wrongful arrest were violated;

    B.    he was subjected to physical pain and suffering, together with other damages, including but not limited:

1. severe emotional distress;

2. various physical maladies, including but not limited to, sleeplessness, depression and irritability;

3. loss of the support, society and companionship of Plaintiff's family;

4. fright, horror and shock;

5. emotional trauma and suffering;

6. loss of income and benefits;

7. loss of employment with the Homewood Branch of the Carnegie Library of Pittsburgh;

8. economic damages related to any consequential costs;

9. irreparable damage to Plaintiff's reputation;

10. deprived of being able to attend his cousin's funeral; and

11. loss of time with Plaintiff's four children.

46. The actions of the Defendants, and each of them, were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all the above reasons, the Plaintiff, DeAndre Brown, demands judgment against the Defendants, jointly and separately, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

## COUNT III:

## FALSE IMPRISONMENT, VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983, THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

47. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 46 as though fully set forth at length herein.

48. Plaintiff's subsequent detainment pursuant to his false arrest, as more fully described in Paragraphs 12, 18 and 19 above, constitutes false imprisonment of the Plaintiff and is a violation of Plaintiff's rights as guaranteed to him by the Fourth Amendment to the United States Constitution.

49. Plaintiff was detained at the Allegheny County Jail from September 16, 2013, to October 22, 2013. Plaintiff was further confined to his home and required to wear an ankle monitor from October 22, 2013, to November 4, 2013.

50. The actions of the Defendant in investigating, arresting and seizing and prosecuting the Plaintiff as aforementioned, constituted an arbitrary and unconscionable abuse of government authority by the Defendants.

51. As a direct and proximate result of the actions of the Defendants, the Plaintiff was injured and damaged as follows:

    A. his right under the Fourth Amendment of the Constitution of the United States to be free from unreasonable seizure of his person was violated;

    B. he was subjected to physical pain and suffering, together with other damages, including but not limited:

        1. severe emotional distress;

        2. various physical maladies, including but not limited to, sleeplessness, depression and irritability;

3. loss of the support, society and companionship of Plaintiff's family;

4. fright, horror and shock;

5. emotional trauma and suffering;

6. loss of income and benefits;

7. loss of employment with the Homewood Branch of the Carnegie Library of Pittsburgh;

8. economic damages related to any consequential costs;

9. irreparable damage to Plaintiff's reputation;

10. deprived of being able to attend his cousin's funeral; and

11. loss of time with Plaintiff's four children.

52. The actions of the Defendants, and each of them, were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all the above reasons, the Plaintiff, DeAndre Brown, demands judgment against the Defendants, jointly and separately, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

# COUNT IV:

## RECKLESS INVESTIGATION, VIOLATION OF PLAINITFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C.A § 1983, THE FOURTEENTH AMENDMENT TO THE UNITED STATE CONSTITUTION

53. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 52 as though fully set forth at length herein.

54. The investigation of the Plaintiff as described hereinbefore above violated Plaintiff's constitutionally protected right to be free from reckless investigation in violation of the due process clause of the Fourteenth Amendment of the Constitution of the United States of America.

55. The Defendants showed an intentional and/or reckless disregard of the truth in the matter when they failed to investigate the crimes charged beyond one questionable eyewitness identification, which proved to be unreliable, as well as disregarded surveillance video taken from or around the scene of the crime which shows the alleged perpetrator and ignored Plaintiff's alibi and video surveillance evidence proving that alibi.

56. The Defendants acted intentionally and/or recklessly and in a manner that shocked the conscience when they consciously and/or recklessly disregarded exculpatory evidence that was in their possession, apparent and/or reasonably discoverable.

57. As a direct and proximate result of the actions of the Defendants, the Plaintiff was injured and damaged as follows:

    A. his right under the Fourth Amendment of the Constitution of the United States to be free from unreasonable seizure of his person was violated;

    B. he was subjected to physical pain and suffering, together with other damages, including but not limited:

1. severe emotional distress;

2. various physical maladies, including but not limited to, sleeplessness, depression and irritability;

3. loss of the support, society and companionship of Plaintiff's family;

4. fright, horror and shock;

5. emotional trauma and suffering;

6. loss of income and benefits;

7. loss of employment with the Homewood Branch of the Carnegie Library of Pittsburgh;

8. economic damages related to any consequential costs;

9. irreparable damage to Plaintiff's reputation;

10. deprived of being able to attend his cousin's funeral; and

11. loss of time with Plaintiff's four children.

58. The actions of the Defendants, and each of them, were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all the above reasons, the Plaintiff, DeAndre Brown, demands judgment against the Defendants, jointly and separately, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

## COUNT V:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 58 as though fully set forth at length herein.

60. The investigation of the Plaintiff, the illegal arrest and seizure and the criminal charges and prosecution brought against the Plaintiff, as described hereinbefore above, were all undertaken, initiated or instituted by the Defendants, and each of them.

61. The actions of the Defendants were:

    A. intentional;

    B. extreme;

    C. outrageous;

    D. without privilege; and

    E. without justification.

62. The Defendants intended to inflict emotional distress upon the Plaintiff, or the Defendants knew or should have known through the use of ordinary caution, that their conduct would result in the emotional distress of the Plaintiff.

63. Plaintiff's emotional distress from the conduct of the Defendants, as aforementioned, was foreseeable and certain.

64. As a direct and proximate result of the actions of the Defendants, Plaintiff suffered emotional distress and physical injuries as described more fully above and below.

65. As a direct and proximate result of the actions of the Defendants, the Plaintiff was injured and damaged as follows:

A. his right under the Fourth Amendment of the Constitution of the United States to be free from unreasonable seizure of his person was violated;

B. he was subjected to physical pain and suffering, together with other damages, including but not limited:

1. severe emotional distress;

2. various physical maladies, including but not limited to, sleeplessness, depression and irritability;

3. loss of the support, society and companionship of Plaintiff's family;

4. fright, horror and shock;

5. emotional trauma and suffering;

6. loss of income and benefits;

7. loss of employment with the Homewood Branch of the Carnegie Library of Pittsburgh;

8. economic damages related to any consequential costs;

9. irreparable damage to Plaintiff's reputation;

10. deprived of being able to attend his cousin's funeral; and

11. loss of time with Plaintiff's four children.

66. The actions of the Defendants, and each of them, were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all the above reasons, the Plaintiff, DeAndre Brown, demands judgment against the Defendants, jointly and separately, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone_____
PA ID No. 41008
Three Gateway Center, Suite 1700
401 Liberty Avenue
Pittsburgh, Pennsylvania 15222
412.281.9194

s/ Massimo A. Terzigni_____
PA ID No. 317165
Three Gateway Center, Suite 1700
401 Liberty Avenue
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: September 15, 2015