# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEANDRE BROWN,

Plaintiff,

v.

CITY OF PITTSBURGH, a municipal corporation, NICHOLAS BOBBS, in his official and individual capacities, FRANK A. WELLING, in his official and individual capacities, JOHN and/or JANE DOE, in their individual and official capacities,

Defendants.

CIVIL ACTION NO. 2:14-cv-506

Jury Trial Demanded

**ANSWER AND AFFIRMATIVE DEFENSES**

Filed on behalf of:
  All Defendants

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, come the Defendants Nicholas Bobbs and Frank Welling, by and through undersigned counsel, Bryan Campbell, Esq., and file the within *Answer and Affirmative Defenses* and in support thereof avers the following:

### JURISDICTION AND VENUE

1. Admitted to the extent that this is the basis of Plaintiff's claims.

2. Admitted to the extent that this is the basis of Plaintiff's claims.

3. Admitted.

4. Admitted.

### PARTIES

5. Admitted.

6. Admitted.

7. Admitted.

8. The averments of paragraph 8 are denied.

## FACTUAL ALLEGATIONS

9. Admitted.

10. Admitted to the extent that an alibi was produced subsequent to Plaintiff's arrest, which stated that Plaintiff was at a training seminar during the time of the robbery at Dana's Bakery.

11. Admitted in part and denied in part. It is admitted that the clerk identified Plaintiff as the perpetrator of the robbery. It is denied that the clerk notified police that he was unsure of Plaintiff's identification prior to Plaintiff's arrest.

12. Admitted in part and denied in part. It is admitted that Plaintiff was arrested on September 16, 2013 and Defendant Welling was present. It is denied that Defendant Bobbs was present.

13. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 14. The same are therefore denied and strict proof is demanded at the time of trial.

14. Denied. Defendant Bobbs completed the criminal complaint and affidavit of probable cause charging Plaintiff with robbery. Defendant Welling completed the paperwork to charge Plaintiff with illegal possession of a firearm.

15. Admitted to the extent that the Defendants were in possession of surveillance video footage. The remaining allegations contain conclusions of law, to which no response is required. To the extent a response is required, the same is therefore denied.

16. The averments of paragraph 16 are denied.

17. The averments of paragraph 18 are denied. At the time of his arrest, Plaintiff did not state he was at a work-related seminar on the date of the robbery, but rather he was at work. Once further information regarding his alibi was provided, said alibi was investigated.

18. Admitted in part and denied in part. It is admitted that the charge was held at the preliminary hearing and a bond was set. It is denied that the Defendants ignored any assertion. By way of further response, once the Allegheny County District Attorney's Office elects to proceed with a prosecution, all decisions regarding proceeding or withdrawal of charges is made by that entity.

19. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 19. The same are therefore denied and strict proof is demanded at the time of trial.

20. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 20. The same are therefore denied and strict proof is demanded at the time of trial.

21. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 21. The same are therefore denied and strict proof is demanded at the time of trial.

22. Admitted. By way of further response, Admitted. By way of further response, Plaintiff's alibi information was provided to Defendants and they made an effort to contact that alibi on Thursday October 17, 2013. The alibi did not present himself for a statement until October 24, 2013. After Plaintiff's alibi presented himself to be interviewed, the information was relayed to the Allegheny County District Attorney.

23. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 23. The same are therefore denied and strict proof is demanded at the time of trial.

COUNT I:

MALICIOUS PROSECUTION, IN VIOLATION OF PLAINITFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. § 1983
<u>THE FOURTH AMENDMENT OF THE UNITED STATES CONSITUTION</u>

24. No response required.

25. The averments of paragraph 25 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

26. The averments of paragraph 26 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

27. The averments of paragraph 27(A)-(E)(5) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

28. The averments of paragraph 28 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

29. The averments of paragraph 29 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

30. The averments of paragraph 30 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

31. The averments of paragraph 31 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

32. The averments of paragraph 32 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

33. The averments of paragraph 33 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

34. The averments of paragraph 34 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

35. The averments of paragraph 35 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

36. The averments of paragraph 36 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

37. The averments of paragraph 37 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

38. The averments of paragraph 38(A)-(B)(11) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

39. The averments of paragraph 39 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

COUNT II:

FALSE ARREST, VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY 42 U.S.C. § 1983, THE FOURTH AMENDMENT OF THE UNITED STATES CONSITUTION

40. No response is required.

41. The averments of paragraph 41 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

42. The averments of paragraph 42 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

43. The averments of paragraph 43 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

44. The averments of paragraph 44 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

45. The averments of paragraph 45(A)-(B)(11) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

46. The averments of paragraph 46 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

## COUNT III:

### FALSE IMPRISONMENT, VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY 42 U.S.C. § 1983, THE FOURTH AMENDMENT OF THE UNITED STATES CONSITUTION

47. No response is required.

48. The averments of paragraph 48 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

49. The averments of paragraph 49 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

50. The averments of paragraph 50 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

51. The averments of paragraph 51(A)-(B)(11) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

52. The averments of paragraph 52 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

COUNT IV:

RECKLESS INVESTIGATION, VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C.A. § 1983, THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

53. No response required.

54. The averments of paragraph 54 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

55. The averments of paragraph 55 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

56. The averments of paragraph 56 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

57. The averments of paragraph 57(A)-(B)(11) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

58. The averments of paragraph 58 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. No response required.

60. The averments of paragraph 60 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

61. The averments of paragraph 61(A)-(E) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

62. The averments of paragraph 62 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

63. The averments of paragraph 63 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

64. The averments of paragraph 64 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

65. The averments of paragraph 65(A)-(B)(11) contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

66. The averments of paragraph 66 contain conclusions of law to which no answer is required. To the extent an answer is required, the same is denied and strict proof is demanded at trial.

## AFFIRMATIVE DEFENSES

67. At all times relevant hereto, the Defendants acted in a good faith belief that their actions were constitutional and that such belief was reasonable under the circumstances and therefore they are entitled to qualified immunity.

68. As to any state tort claims, Defendants are immune from suit under the provisions of the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*, absent a judicial finding that they acted with actual malice and/or willful misconduct.

69. At all times relevant hereto, the Defendants had probable cause for the arrest of Plaintiff and reasonably relied upon information sought and obtained through witnesses and victims of the armed robbery. The arrest warrants were properly obtained and executed.

Respectfully submitted,

*/s/ Bryan Campbell, Esq.*
Bryan Campbell, Esq.
330 Grant Street, Suite 2620
Pittsburgh, PA 15219
412-642-7667
bryancmpbl@yahoo.com